**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Romel A Delgado Gomez,<br>Petitioner,<br>v.<br>John E Cantu, et al.,<br>Respondents. | No. CV-26-04677-PHX-JCH<br>**ORDER** |

Petitioner Romel A Delgado Gomez previously filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in 2:26-cv-02731-JCH (DMF) on April 20, 2026, arguing he was erroneously detained without a bond hearing. On April 24, the Court granted the first Petition and ordered Respondents to provide Petitioner a bond hearing. On May 1, Respondents filed a Notice of Compliance, indicating that an Immigration Judge ("IJ") conducted Mr. Delgado Gomez's bond hearing and denied bond, finding he was a danger and a flight risk.

Petitioner filed the instant Petition under 28 U.S.C. § 2241 on July 6, 2026, challenging his immigration detention. (Doc. 1.) The instant Petition seems to primarily argue that, prior to the Court's grant of relief in 2:26-cv-02731-JCH (DMF), Respondents violated Petitioner's rights by denying him a bond hearing. The only arguments pertaining to his April 29 bond hearing are as follows: "the hearing was conducted in bad faith" because, although the IJ "heard arguments from both parties," Respondents' "arguments were neither valid nor supported by the evidence." Petitioner says he informed the IJ of

his household with his spouse, path to legalized status, gainful employment, and employment authorization. Petitioner also argues that, at the hearing, "DHS argued that neither secure employment, employment authorization card, social security, nor legal work status could be verified." (Doc. 1 ¶ 84.)

Pursuant to General Order 26-09, the Court electronically served the Petition on Respondents and issued the Standard Scheduling Order, which required Respondents to respond to the Petition within seven days. (Docs. 3–4.) The response deadline was July 15, 2026, but Respondents did not file any response.

Because Respondents failed to provide any argument to defend the IJ's determination and Petitioner's claims that they did not rebut his evidence, the Court finds any defense to Petitioner's claims waived. *See N-E-M-B v. Wamsley*, No. 25-cv-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. LaRose*, No. CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims.").

The Court will therefore grant the Petition and order Petitioner released from custody immediately.

Accordingly,

**IT IS ORDERED granting** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1).

**IT IS FURTHER ORDERED directing** Respondents immediately release Petitioner from custody under the same conditions that existed before his detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FURTHER ORDERED denying as moot** any pending motions and **directing** the Clerk of Court enter judgment in Petitioner's favor and close this case.

**IT IS FURTHER ORDERED** that the Clerk of Court must immediately transmit by email a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

Dated this 9th day of November, 2026.

John C. Hinderaker
United States District Judge